ROBERT NOYES, Assignee, *vs.* ALBERT C. JOHNSON, Deputy Sheriff.

An assignment to discharge an attachment under Pub. Laws R. I. cap. 723, § 1, of June 20, 1878, must be absolutely without preferences except such as are permitted by cap. 723.

REPLEVIN. Heard by the court, jury trial being waived.

The defendant in this case, a deputy sheriff, attached the personalty in question by virtue of a writ in favor of one Stephen Brownell issued against one Stephen E. Reynolds, the owner of the property, and returnable to the December Term of the Court of Common Pleas, A. D. 1878.

Subsequent to the attachment, November 11, 1878, Reynolds being insolvent made an assignment for the benefit of his creditors of the attached personalty and his other property to Robert F. Noyes. Then having doubts as to certain provisions of this assignment, he, November 15, 1878, made another assignment also to Noyes. After the lapse of thirty days from the execution and delivery of this last assignment, Noyes demanded from Johnson the attached personalty, claiming that the assignment dissolved the attachment, and as delivery was refused, brought this writ of replevin. Pub. Laws R. I. cap. 723, of June 20, 1878, is printed in full *ante*, p. 156 *sq.*

*January* 18, 1881. PER CURIAM. For an assignment to be effectual under Pub. Laws of R. I. cap. 723, § 1, of June 20, 1878, to defeat an attachment, it must be absolutely without preferences except such as chapter 723 allows. Both the assignments here contain *primâ facie*, at least, preferences which chapter 723 does not allow. The earlier assignment provides that the assignee, after converting the assigned property into money, " shall *first* pay and discharge all the reasonable costs, charges, and expenses of and incident to the *preparation* of these presents, and the execution of the trusts hereby created," &c. The second assignment provides, that " *after* paying the expenses necessarily and properly incurred in and concerning and incident to the *creation* and execution of the trust hereby created," *then* the assignee shall pay the other creditors in full if the proceeds

of the assignment are sufficient; if not, ratably.   Under both of
the assignments any reasonable debt incurred by the assignor in
or about the making of the assignments is preferred to his other
debts, being put on the same footing with debts and expenses in-
curred by the assignee in executing the assignments.   Of course
it might happen that no such debt was incurred, in which event
the language would be mere form ; but in the case at bar that is
not pretended.   We therefore give judgment for the defendant.

> *Judgment for return and restoration, ten cents damages and
>     costs.*

*Spooner & Miller*, for plaintiff.
*James M. Ripley*, for defendant.

After this opinion had been given the plaintiff moved for a
rehearing of the case.   This motion was heard March 5, and
dismissed March 12, 1881.